IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MARK STREIGHT,

                                                    ORDER

                Plaintiff,

v.                                               10-cv-191-slc

BAY AREA CREDIT SERVICE,

                Defendant.
_____

      This is a proposed civil action for monetary relief in which plaintiff, a resident of Cross Plains, Wisconsin, alleges that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, by engaging in abusive, deceptive and unfair debt collection practices. Plaintiff has asked for leave to proceed *in forma pauperis* and has supported his request with an affidavit of indigency.

      The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, plaintiff has two dependents. His monthly income is $0 and his wife's monthly income is $3,628.83. Under Wisconsin's marital property laws, plaintiff's wife's income is considered to be plaintiff's as well. Thus, plaintiff's annual income is $43,545.96. Plaintiff's balance comes to $36,145.96, after subtracting $7,400 for two dependents. Because plaintiff's income is greater than $32,000, he must prepay all fees and costs. If he wishes to proceed with this action, he will have to pay the $350 filing fee in full.

ORDER

IT IS ORDERED that plaintiff's request for leave to proceed *in forma pauperis* in this action is DENIED because plaintiff does not qualify for indigent status.

Further, IT IS ORDERED that plaintiff may have until May 11, 2010, in which to pay the $350 fee for filing his lawsuit. If, by May 11, 2010, plaintiff fails to pay the fee, the clerk of court is directed to enter judgment dismissing this case without prejudice for plaintiff's failure to prosecute it.

Entered this 20th day of April, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge