IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MARK STREIGHT,

                                                                                                ORDER

                                Plaintiff,

     v.                                                                               10-cv-191-slc

BAY AREA CREDIT SERVICE,

                                Defendant.
_____

       This is a civil action for monetary relief in which plaintiff Mark Streight, who is proceeding pro se, alleges violations of his rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiff has paid the $350 fee for filing this case.

       The next step is for plaintiff to serve his complaint on the defendant. Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint in which to serve the defendants. However, that is an outside limit with few exceptions. This court requires that a plaintiff act diligently in moving his case to resolution. If plaintiff acts promptly, he should be able to serve his complaint on the defendant well before the deadline for doing so established in Rule 4.

       To help plaintiff understand the procedure for serving a complaint, I am enclosing with this order a copy of a document titled "Procedure for Serving a Complaint on a Corporation in a Federal Lawsuit." In addition, I am enclosing to plaintiff an extra copy of his complaint and the forms he will need to send to the defendant in accordance with the procedures set out in Option 1 of the memorandum.

ORDER

IT IS ORDERED that plaintiff serve his complaint on the defendant promptly and file proof of service of his complaint as soon as he has served the defendant. ("Proof of service" is explained in the attachments.) By June 25, 2010, plaintiff is to file proof of service of his complaint on the defendant or tell the court why he cannot do so. If he does not file the proof of service or explain why he could not serve the defendant, I will order him to explain why his case should not be dismissed for lack of prosecution.

Entered this 27th day of April, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge